### JOHN McADAMS v. ISAAC F. RANDOLPH.

1. The right to set off one judgment against another, or, more properly, to pay and satisfy one judgment by another, where the person holding the one judgment is liable under the other, has often been exercised to prevent circuity of action, and to so control the judgment and process of the court as to do justice between the parties.
2. Where a judgment has been *bona fide* transferred, the defendant cannot, by a subsequent assignment to him of a judgment obtained against the plaintiff by a third person, obtain a right to such set-off.

---

The state of facts agreed on by the parties shows that, at December Term, 1878, of the Somerset county Circuit Court, the court found for the plaintiff, $942.12 damages, in an action of *assumpsit*. A rule to show cause for a new trial was granted, argued, and discharged, in this court, June Term, 1879. Judgment final was entered, and a writ of execution, tested June 10th, 1879, was issued, returnable the second Tuesday in July, 1879.

The judgment was assigned January 22d, 1879, to Susan McAdams, in writing, for a valuable consideration, which was duly acknowledged and recorded on the same day of the assignment. A decree for deficiency against the said John McAdams, in the Court of Chancery, in a foreclosure suit, in favor of John Hassel, complainant, was signed January 15th, 1878, and docketed in the Supreme Court, June 13th, 1878, for $534.87.

This decree for deficiency was duly assigned in writing, by said John Hassel, to the above-named Isaac F. Randolph, March 19th, 1879, and the assignment duly recorded March 25th, 1879. A motion is now made in behalf of said Isaac

F. Randolph, to have the decree for deficiency, which has been assigned to him, set off against the judgment recovered against him by John McAdams, which has been assigned to Susan McAdams.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the motion, *A. V. Schenck.*

*Contra, Suydam & Jackson.*

The opinion of the court was delivered by

SCUDDER, J. The right to set off one judgment against another, or, more properly, to pay and satisfy one judgment by another, where the person holding the one judgment is liable under the other, has often been exercised to prevent circuity of action, and to so control the judgment and process of the court as to do justice between the parties. The recent case of *Brown* ads. *Hendrickson,* 10 *Vroom* 239, discusses this subject in its application to the facts of that case, and makes full proof of the jurisdiction and power of the court in like cases, by many citations.

In that case, George W. Brown, the defendant in the second action, was the holder of a judgment against the plaintiff, by assignment, before the judgment was obtained against him. His right therefore attached, the moment the judgment was obtained by Hendrickson against him, to have the judgment assigned to him applied to the payment of this subsequent judgment.

In this case, after McAdams had obtained a finding in his favor by the Circuit Court, acting without jury, by consent, in December, 1878, before the entry of judgment *nisi,* at February Term, 1879, to wit, on January 22d, 1879, he assigned the finding, and whatever right he might have under it, calling it a judgment, to Susan McAdams. There is no question made that this was a *bona fide* transfer for a valuable

consideration. The legal effect of such assignment would be that the judgment *nisi*, and the final judgment subsequently obtained, would enure to the benefit of the assignee, Susan McAdams, as between the parties to that record. At the time she took this interest and right to judgment, by assignment, Isaac F. Randolph had no judgment that he could legally or equitably set off against it.

Hassel had obtained a decree for deficiency against John McAdams, in the Court of Chancery, January 15th, 1878, which was docketed in the Supreme Court, June 13th, 1878, and from that time operated as a judgment of this court, under this statute; but this decree or judgment was not assigned to Randolph until March 19th, 1879, nearly two months after the assignment of the other judgment to Susan McAdams, and after the February Term of this court, when judgment *nisi* might be entered.

Hassel had no right to off-set, but he could transfer to Randolph; and at the time Randolph took the assignment from him, all John McAdams' claim, finding, and interest in the judgment against Randolph had been duly assigned to Susan McAdams. As between these two holders of judgments by assignment, claiming preference, she is prior in time, and has the right and equity to be paid first, by the judgment which has been assigned to her.

This application being addressed to the legal discretion of the court, for the convenience and equitable relief of the parties, without any fixed right of set-off by statute or otherwise, I think this defendant, in the judgment against him, which has been assigned in good faith, has no right or equity to off-set against it a judgment which he purchased subsequent to such assignment, doubtless for the very purpose of using it in this form.

The order for set-off will be refused.