Schautz v. Kearney.

## MARCUS SCHAUTZ v. ANNA H. KEARNEY.

A decree in admiralty in favor of a libellant, on a libel for damages in a federal court, may be set off against a judgment recovered in this court against the libellant, the parties in the two suits being the same.

On motion to set off a decree in a federal court against a judgment of this court.

Marcus Schautz, on July 13th, 1883, began an action of *assumpsit* in this court against Anna H. Kearney, by a writ of summons returnable August 6th, 1883. A declaration was filed, containing only common counts. A bill of particulars was furnished, showing that the plaintiff's demand was for $175, for putting a new cylinder in the steam-tug James Edwards, belonging to the defendant, and $100 for extra work on the tug. Pleas were filed, and $75 were tendered and paid into court for the extra work. The suit was tried and a verdict obtained by Schautz, the plaintiff, for $269.15, for which, with costs taxed at $50.46, making in all $319.61, judgment was entered in this court on the 13th day of July, 1883.

On the 8th of September, 1882, and before Schautz began his suit in this court, Mrs. Kearney filed, in the United States District Court for the District of New Jersey, a libel against Schautz for damages sustained by her by reason of the breach of the same contract, arising from the defective and unworkmanlike manner in which Schautz had done the work under said contract. Schautz filed an answer to the libel, and on a hearing upon the pleadings and evidence the judge of the District Court, by a decree entered July 25th, 1883, awarded the libellant damages in the sum of $180 and costs taxed at $104.

Mrs. Kearney now applies for leave to set off so much of her decree in the United States District Court against the

Schautz v. Kearney.

judgment Schautz recovered against her in this court, as will be sufficient to pay and satisfy the judgment, after the money paid into court is applied thereon.

Argued at November Term, 1884, before Justices DEPUE, SCUDDER and PARKER.

For the motion, *S. B. Ransom.*

*Contra, John W. Beekman.*

The opinion of the court was delivered by

DEPUE, J.   The power of the court to order one judgment to be set off against another, where the judgment sought to be set off may be enforced against the person recovering the judgment to be set off, is an exercise of the equitable jurisdiction of the court, and will be administered in all cases where a set-off would be equitable, and upon such equitable terms as will promote substantial justice.   *Brown* ads. *Hendrickson,* 10 *Vroom* 239 ; *McAdams* v. *Randolph,* 13 *Vroom* 332 ; *Terney* v. *Wilson,* 16 *Vroom* 283.   The damages awarded to Mrs. Kearney in the District Court, and the damages recovered against her by Schautz in this court, being damages recovered in the two courts against the parties respectively, for breaches by them respectively of the same contract, there is, in the nature of these counter-claims, an obvious equity that the one should be set off against the other.

The plaintiff contends that the defendant's decree, being in a federal court, over whose decrees and whose officers and process this court has no control, this is not a case in which this court could exercise its equitable jurisdiction in making the set-off; that this court, not having the ability to protect the plaintiff from the enforcement of the defendant's decree against him in the future, it would be inequitable to allow it to be used to pay and satisfy the plaintiff's judgment.

The set-off of one judgment against another, when ordered by the court, is ordinarily enforced by virtue of the control

which courts have over their suitors and over the officers who execute their process. *Brown* ads. *Hendrickson, supra.* Hence, as a matter of practice, the application is required to be made in the court where the judgment against the party applying for that remedy was obtained. *Brookfield* v. *Hughson,* 15 *Vroom* 285. But it has never been required that both judgments should be in the same court, or that the court in which the application for a set-off is made should have control over the judgment sought to be used as a set-off, or over the officers by whom the last-mentioned judgment might be enforced. In *Braker* v. *Braham,* 2 *W. Black.* 869, a judgment of the King's Bench was set off in the Common Pleas against a judgment of the latter court. In *Coxe* ads. *State Bank,* 3 *Halst.* 172, this court allowed judgments in a justice's court to be used as a set-off against a judgment in this court. The party having applied to the court in which the judgment was recovered against him for satisfaction of the judgment, by the set-off of a judgment he has recovered in another court, the application, when granted, would operate as a payment, *pro tanto* or in full, according to the circumstances, of the judgment which the defendant has used as the means of discharging the judgment against him. There is no reason why that principle should not apply when the judgment a defendant uses for that purpose is in a federal court or in a court of a sister state. We can require a release by the defendant, which will afford the plaintiff adequate protection against the judgment against him, and, if need be, vacate the order of satisfaction if circumstances require it, or even protect the plaintiff by an attachment for disobedience of an order of this court which he has obtained on his own motion.

The court might refuse to make the set-off when the defendant's judgment is in a federal court or in the court of another state, for the right is an equitable and not a legal right, and would refuse to allow the set-off if we saw any ground for a belief that the judgment creditor in this court would be prejudiced in the use that might afterwards be made of the judgment against him. In this case the defendant's

decree is in the federal court in this state, and there can be no doubt that the set-off, if allowed in this court, will be recognized by that court as a satisfaction *pro tanto* of the decree.

The order to set off will not touch the taxed costs. They belong to the attorney. *Brown* ads. *Hendrickson, supra*. The $75 paid into court with the plea of tender belongs to the plaintiff. He may take this money out, applying the same, first, to the payment of the taxed costs, and the balance as a credit upon his judgment for damages.

A rule allowing the set-off will be allowed on the defendant's executing a release of so much of her decree in the District Court as will be sufficient to pay the balance of the plaintiff's judgment after the $75 is applied upon it, as above indicated, and filing a stipulation that there shall be a credit given accordingly on said decree. There should be no costs allowed on this application to either party.