SUPERIOR METAL PRODUCTS COMPANY v. STANDARD AUTO SUPPLY COMPANY, INCORPORATED.

Argued October term, 1924—Decided January 27, 1925.

**Contracts—Counter-claim—Judgment for Defendant on Counterclaim for Amount in Excess of Claim—Contention That There Should Have Been Two Judgments, Unsound and Against the Statute—The Written Order for Goods Not a Completed Contract, But Preliminary Thereto.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *S. Sidney Silver* and *J. Tracy Horton.*

For the defendant-appellee, *Samuel Dreskin.*

PER CURIAM.

This was an action in the First District Court of Newark, brought to recover $240, the balance on a $340 bill for automobile wheels sold to defendant. The defendant counterclaimed for breach of an agreement not to compete with defendant, in the sale of such goods, alleging an offer to return the goods, and claiming as damages $271, the value of the goods remaining unsold. Judgment was rendered in favor of the defendant on the counter-claim for $31.

It is contended that there should have been two judgments, one for the plaintiff and one for the defendant. The statute, however, provides that in cases of recoupment, when the defendant's damages exceed the plaintiff's demand, judgment shall be given the defendant for such excess. *Pamph. L.* 1898, *p.* 575, § 64.

It is also contended that the order for the goods constituted the written contract of the parties, and that parole evidence was inadmissible to add to its terms. But it is manifest that the order was not a completed contract, but only evidence of an act required by the contract, and as a preliminary thereto.

It is argued that there was no evidence of damage, and, also, that the plaintiff cannot rescind the contract and recover damages. The letters in evidence show a rescission by mutual consent.

If the defense was founded on a breach of plaintiff's agreement, it would be necessary to prove damage, which would be a loss of profits. The court allowed damages on the theory of rescission of the contract, upon which theory the defendant would be entitled to recover back money advanced in payment of the goods after returning or offering to return them, and that sum was the amount allowed on the counter-claim, resulting in the legal situation that the title of the unsold goods is in the plaintiff, the defendant holding them as bailee.

The result is that the judgment is affirmed.