The bill of complaint contains two causes of action which I will deal with separately. The first seeks a set-off of one judgment against another. The Silk City Plumbing Supply Company (not a party to the present suit) obtained a judgment in the Bergen county circuit court for $1,737 and costs against Walter H. Rohloff, one of the defendants in the suit before me. At that time Rohloff had an action pending in the circuit court against David Seaman, the complainant, who was an employe of the supply company. That action came to trial before a jury who returned a verdict for Rohloff against Seaman for $400. Thereupon, and before judgment was entered *Page 409 
on the verdict, the supply company assigned its judgment to Seaman. So upon the entry of the judgment against him, he was the judgment debtor of Rohloff in one case and the judgment creditor by assignment in the other case. He asks a set-off of one judgment against the other.
Rohloff's attorney, the defendant Saul M. Mann, claims an interest in the $400 judgment. He was retained by Mann on a contingent fee basis whereby he was promised one-half of any judgment which might be obtained in Rohloff's suit against Seaman. He also holds an assignment in the sum of $200 for services rendered in other matters. This instrument, made before Rohloff took judgment, does not purport to assign the cause of action, but rather to assign the sum mentioned out of any judgment to be recovered by Rohloff against Seaman or the supply company.
The first question argued is whether the court of chancery has and should exercise jurisdiction. That a court of law may set off against a judgment rendered by it, another judgment, whether in the same or another court, has long been recognized. Brown v.Hendrickson, 39 N.J. Law 239; McAdams v. Randolph,42 N.J. Law 332; Schautz v. Kearney, 47 N.J. Law 56. The set-off "is ordinarily enforced by virtue of the control which courts have over their suitors and over the officers who execute their process." Again, the power rests in the control which a law court has over its own judgment; the application in substance is that the court declare its own judgment satisfied in whole or part by the set-off of the other judgment.
Although there is no decision in point in this state, I am satisfied that a court of equity has jurisdiction to compel a judgment creditor to set off against his judgment, another judgment which his debtor holds against him; it is a jurisdiction to prevent an unconscionable use of a judgment. Simpson v.Hart, 1 Johns. Ch. 91 (Chancellor Kent); 14 Johns. 63; 25 Am. Eng. Encycl. L. 610. The court of chancery has concurrent jurisdiction with the court in which the judgment was entered; but chancery should not interfere in the absence of special circumstances, since relief may be obtained in the law court as effectively as in this court and *Page 410 
upon the same equitable principles. The special circumstances urged are these: Shortly after the entry of the judgment against him, complainant filed a bill in chancery for the set-off. He did not, however, press it. Instead, he moved in the circuit court for the set-off. This motion was denied on the ground, as I am informed, that he had elected to sue in chancery and therefore the law court would not consider the matter. A couple of months thereafter, the chancery bill was dismissed without prejudice for lack of prosecution and immediately the present bill was filed. Since the circuit court has declined to consider the matter because it was before this court, it would be indiscreet for this court now to refuse relief on the ground that complainant has an adequate remedy in the circuit court.
The only meritorious questions have to do with the interest of the attorney, Mann, in his client's judgment. In Phillips v.Mackay, 54 N.J. Law 319, it was held that the lien of the attorney in the judgment is superior to the debtor's right to off-set a judgment held by him. The statute (P.L. 1914 p. 410) extends the lien of a plaintiff's attorney so that it covers full compensation for services in the cause. And when he and his client have agreed that his compensation shall be a certain percentage of the amount which may be recovered, apparently his lien is measured accordingly. Levy v. Public Service RailwayCo., 98 Atl. Rep. 847. But assuming that as against complainant, Mann's lien extends only to reasonable compensation, I would then say that $200, which is fifty per cent. of the judgment, is reasonable for prosecuting an action in the circuit court to judgment after trial before a jury. Therefore, Mann's claim to at least this extent is superior to complainant's right of set-off. There remains for consideration Mann's claim under the assignment for services in other cases.
Rohloff's suit in which he recovered judgment was one for false arrest. Such a cause of action is not assignable before judgment.Weller v. Jersey City, c., Railway Co., 68 N.J. Eq. 659. "In the absence of a statutory provision to the contrary, nothing is assignable, either in law or in equity, that does not directly or indirectly involve a right to property." *Page 411 
It is suggested that Rohloff did not attempt to assign to Mann his cause of action or any part thereof but rather an interest in the judgment to be recovered; that a judgment is a property right and therefore the assignment was good. But this was likewise true in the Weller Case, where the agreement purported to give an interest in what the plaintiff might recover by suit, settlement or otherwise. Mann's alleged title under the assignment cannot stand. Defendants shall give complainant a satisfaction piece upon complainant paying or tendering to Mann $200 and the costs on the judgment and upon his giving to Rohloff an acknowledgment, as of November 26th, 1928, of the receipt of $200 on account of the judgment against Rohloff.
The second count prays that complainant's title, as trustee, to certain lands be quieted as against the lien of Rohloff's judgment. Since the alleged lien will be canceled pursuant to the decree on the first count, the dispute on the second count becomes academic.