THE MAPLEWOOD BANK AND TRUST COMPANY, A COR-PORATION OF THE STATE OF NEW JERSEY, PLAIN-TIFF-RESPONDENT, v. CARRAGHER CONSTRUCTION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND JOHN J. CARRAGHER, DEFENDANTS-APPELLANTS.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellants, *Edwin G. Adams.*

For the respondent, *Smith & Slingerland.*

PER CURIAM.

This is an appeal from the judgment of the Essex Circuit Court giving summary final judgment to plaintiff-respondent against defendants-appellants for $1,575 damages, entered upon an order for summary judgment, which order struck out the answers of both defendants and two of the three counter-claims filed by defendant Carragher Construction Company, and denied that part of the motion to strike out the third counter-claim of defendant corporation.

The complaint was based upon a promissory note dated September 1st, 1932, payable one month after date, to "The

Prospect Trust Company, a corporation of the State of New Jersey," for $1,575, made by defendant Carragher Construction Company, and endorsed by that company and defendant John J. Carragher. The complaint alleged, among other things, that on or about September 28th, 1932, The Prospect Trust Company merged with The Maplewood Bank and Trust Company, and by virtue thereof that note became the property of The Maplewood Bank and Trust Company, the plaintiff-respondent; that on the due date of the note it was presented for payment "at the place where it was payable," but it was not paid. The answer of the corporation defendant Carragher Construction Company admitted the giving of the note to The Prospect Trust Company, and the endorsements thereon, but put plaintiff to its proof upon all the other allegations of the complaint. That defendant also filed three counter-claims. The answer of the defendant John J. Carragher, admitted the making and endorsement of the note, and put the plaintiff to its proof upon all other allegations of the complaint. His answer also set out three separate defenses, each of them based upon the fact that the defendant Carragher Construction Company, the maker of the note, possessed three separate counter-claims against the plaintiff, and averred that the corporation defendant not being liable to the plaintiff because of such counter-claims, the defendant John J. Carragher, as endorser, was not liable.

Plaintiff-respondent gave notice of a motion before the Circuit Court for an order to strike out the answers "on the grounds that the allegations contained therein are untrue in fact and sham, or that they are frivolous, argumentative and uncertain;" to strike out counts one and two of the counter-claim of the corporation defendant, "on the ground that said counts are untrue in fact and sham, or that they are frivolous and do not disclose a cause of action;" and to strike out count three of the counter-claim "on the ground that said counter-claim is for unliquidated damages and therefore not the proper subject of a counter-claim, and on the further ground that said counter-claim arises out of an entirely separate transaction and raises a separate issue which would em-

barrass or delay a fair trial of this cause." The notice further stated that at the same time motion would be made for summary judgment, which motion would be supported by two affidavits attached, being the affidavits of Walter G. Seymour and Samuel M. Lightholder.

Upon the hearing of the motion defendants presented no affidavits. After argument the Circuit judge, as above stated, made an order striking out all the pleadings of both defendants except the third counter-claim of defendant Carragher Construction Company, and granting summary final judgment. From this judgment defendants appealed.

Several grounds of appeal are argued, but for present purposes it seems necessary to consider only one, which we think is well taken.

We think the learned Circuit judge erred in ordering a *final* judgment for plaintiff upon its claim while allowing a counter-claim in an amount exceeding plaintiff's claim, to stand.

The order for summary judgment directs: "that the motion to strike out the third count of said counter-claim be denied," and further orders that: "final judgment be entered in favor of the plaintiff and against the defendants Carragher Construction Company, and John J. Carragher, for the sum of $1,575," &c.

Now the third counter-claim of the defendant Carragher Construction Company is in the amount of $9,159.32, far exceeding plaintiff's claim.

Rule 67 of the Supreme Court says: "If the amount found due on the counter-claim of the defendant exceeds the amount found due to the plaintiff, the defendant shall have judgment for the excess."

Apparently the Circuit judge considered the order for final judgment justified by rules 82 and 83. But we do not take that view. We think the situation presented in the present case did not justify the *final* judgment entered, since such *final* judgment runs counter to the spirit and purpose of rule 67.

The judgment will be set aside, with costs.