FREDERICK ATANASIO, PLAINTIFF-RESPONDENT, v. SAMUEL W. SILVERMAN, DEFENDANT-PROSECUTOR.

Reargued November 22, 1946—Decided December 2, 1946.

Before CASE, CHIEF JUSTICE, sitting alone pursuant to the statute.

For the plaintiff-respondent, *John G. Flanigan.*

For the defendant-prosecutor, *George G. Tennant.*

CASE, CHIEF JUSTICE. The matter comes up on rule to show cause, issued May 27th, 1946, returnable June 15th, 1946, why an order should not be made directing that certain judgments owned by defendant Silverman be set off against a judgment held by the plaintiff, Frederick Atanasio. Proofs were taken under rule of court on May 31st, 1946. Final disposition was deferred to permit Atanasio to appeal from a then recent order in the District Court of the United States for the District of New Jersey denying him a discharge in bankruptcy. That appeal has lately been decided by the United States Circuit Court of Appeals adversely to Atanasio.

Atanasio holds a judgment against Silverman in the amount of $16,763.73 on verdict rendered January 16th, 1946, in a suit instituted in this court by attachment on May 21st, 1943. Silverman is the holder, by assignment, of three judgments against Atanasio in this court as follows: Louis V. Hinchliffe, conservator for the Labor Bank of Paterson, &c., v. Lillian DeLuca, Charles Atanasio and Frederick Atanasio, entered May 21st, 1934, in the amount of $4,577.30, assigned to

Silverman December 4th, 1944, and recorded in the Supreme Court clerk's office on April 1st, 1946; Equitable Trust Company v. Frederick Atanasio in the amount of $5,323.12, entered January 3d, 1934, assigned to Silverman January 28th, 1946, and recorded in the Supreme Court clerk's office January 31st, 1946; Ridgefield Park Trust Company v. Felix Flenz and Frederick Atanasio entered June 12th, 1933, in the amount of $2,695.46, assigned to Silverman February 11th, 1946, and recorded in the Supreme Court clerk's office on March 5th, 1946. Those judgment amounts are largely increased by interest accruals.

The application by Silverman is to set off his assigned judgments against the above mentioned judgment obtained by Atanasio against him. It is argued on behalf of Atanasio that (1) the Hinchliffe judgment may not be used as a set-off against plaintiff's judgment because it was in the ownership of Silverman prior to the entry of Atanasio's judgment against him and therefore, under the provisions of *R. S.* 2:26–190, *et seq.,* has lost its virtue as a matter of set-off, and (2) that the Equitable Trust Company and the Ridgefield Park Trust Company judgments were not subsisting rights in the defendant, Silverman, at the time plaintiff's action against him was commenced and, therefore, under *Johnson* v. *Kaiser,* 40 *N. J. L.* 286, and *Faherty* v. *Branegan,* 112 *Id.* 134, may not be used as set-offs.

If I correctly grasp those points, they amount to a proposition that if A holds a judgment obtained by him in a suit against B and B holds a judgment against A, B may not set off his judgment against A's judgment unless B's judgment was a subsisting right in B at the time A commenced his action against B and, further, unless B pleaded that claim as a defense or set-off against A's suit. I do not understand that to be a correct statement of the law. It will be noted that Silverman did not own any of his judgments at the time Atanasio began his action by attachment on May 21st, 1943. He acquired the Hinchliffe judgment before Atanasio's suit reached judgment; the other two, later.

Even if it be conceded that a judgment is such a debt or demand as to be fully within the application of the statute

on "set-off" (*R. S.* 2:26–190), it must, I think, nevertheless be true that a judgment acquired by a defendant after a suit against him was commenced is not within the application of the statute and is not forestalled from later being set off against the judgment procured in that suit. *Whitaker* v. *Turnbull,* 18 *N. J. L.* 172; *Johnson* v. *Kaiser, supra; Faherty* v. *Branegan, supra,* are to the effect that a claim, to be a valid set-off in an action against the holder thereof, must have been a subsisting right in him at the time the action was commenced. But we have a line of cases permitting the practice of setting off a later judgment against an earlier one going as far back as *Coxe* v. *State Bank,* 8 *Id.* 172. In *Brown* ads. *Hendrickson,* 39 *Id.* 239, particular recital is made of *Alliance Bank* v. *Holford,* 16 *C. B.* (*N. S.*) 460, wherein execution on a judgment was stayed until an action by the defendant had ripened into judgment, which judgment, when entered, was allowed to be set off against the other. Note also the line of reasoning in *McAdams* v. *Randolph,* 42 *N. J. L.* 332. The practice of setting one judgment against another is thoroughly established. *Cf. Brown* v. *Hendrickson, supra; Phillips* v. *MacKay,* 54 *Id.* 319, and *Murray* v. *Skirm,* 73 *N. J. Eq.* 374. The authority as stated in *Phillips* v. *MacKay* is:

"The power of the court to order one judgment to be set off against another when the judgments are mutually enforceable by the parties is an exercise of the equitable jurisdiction of the court, and will be allowed upon such terms as will promote substantial justice."

It was said by Mr. Justice Dixon in *Terney* v. *Wilson,* 45 *N. J. L.* 282, 284:

"The right to set off one judgment against another cannot attach until the party seeking the set-off has become both a judgment creditor and a judgment debtor of the person against whom it is sought."

Plaintiff advanced the further point that the application should be denied upon equitable grounds. That contention would be convincing if sustained by the facts. The right to set off one judgment against another was taken over from the practice in equity and is administered in the law courts on

equitable principles. *Terney* v. *Wilson, supra; Schautz* v. *Kearney,* 47 *N. J. L.* 56; *Phillips* v. *MacKay, supra; Laubsch* v. *West New York Silk Mill Co.,* 57 *Id.* 234; *Flavell* v. *Britton,* 56 *Id.* 218. But it is a right to be determined according to established principles of equity and not as a matter of untrammeled discretion. *Murray* v. *Skirm, supra.* I have reviewed the papers and the transcript with that principle in mind and find that the equities do not weigh against granting the set-off. It is suggested that the defendant purchased the judgments at a nominal consideration speculatively for the express and sole purpose of defeating the plaintiff's judgment claim and that the plaintiff's embarrassing position with respect to the three judgments under assignment is due to the fact that he failed to prosecute proceedings in bankruptcy to the point of a discharge and has lately been unable to obtain his discharge therein. But these suggestions, in so far as they relate to the defendant's activities, do not find substance in the proofs; and the matter of the discharge in bankruptcy was, we are bound to assume, equitably determined by the United States courts.

I conclude that the rule should be made absolute.

Mr. Flanigan stated orally at the argument that he considered he was entitled to an attorney's lien for services rendered by him to the plaintiff. That matter is not properly before me for decision and my finding herein carries no inference, *pro* or *con,* thereon. The order, however, should not touch the taxed costs. They belong to the attorney. *Phillips* v. *MacKay, supra.* I am signing the order submitted by Mr. Tennant at the argument, to which, however, I have added a direction that the order shall not touch the taxed costs.