**UNITED STATES of America,**
**Plaintiff,**

v.

**ARLINGTON ARMS, Inc., et al.,**
**Defendants.**

**Civ. A. No. C–493.**

United States District Court
D. New Jersey.
May 27, 1957.

Chester A. Weidenburner, U. S. Atty., Irwin I. Kimmelman, Asst. U. S. Atty., Newark, N. J., for the Government.

Van Riper & Belmont, Eugene Tighe, Newark, N. J., pro se.

Vincent P. Torppey, City Atty., Newark, N. J., Vincent J. Casale, Newark, N. J., for City of Newark.

WORTENDYKE, District Judge.

Van Riper & Belmont, having served as attorneys for the defendant Arlington Arms, Inc., seek an order establishing an equitable lien, claimed by these attorneys upon moneys in the hands of the City of Newark. These moneys represent a refund of municipal taxes assessed by the City against the defendant's property obtained as a result of the services of these attorneys in securing a reduction of the tax assessment for the year 1956.

This Court has jurisdiction of this action, which was initially for the foreclosure of a mortgage held by the Federal Housing Administration upon real estate of Arlington Arms, Inc. Upon the sale of the mortgaged property a deficiency upon the plaintiff's claim upon the bond resulted, and a writ of execution was levied upon the tax refund moneys in the possession of the City of Newark amounting to $5,058. Thereupon plaintiff secured an order to show cause why the moneys levied upon should not be paid over to the plaintiff; and on the return of that order to show cause the attorneys for the defendant, on due notice, moved the Court to impose an attorney's lien in their behalf upon the money levied upon, and to establish the priority of such lien over the levy.

A consideration of the oral argument and of the briefs subsequently submitted brings me to the conclusion that the attorneys for the defendant have acquired an equitable lien on the tax refund moneys held by the City of Newark to the extent of one-half of the amount thereof, and that such lien is prior to any right, title and interest in the fund acquired by the plaintiff by virtue of its levy of execution upon its deficiency judgment.

Prior to plaintiff's recovery of its judgment, defendant Arlington Arms, Inc. had retained Van Riper & Belmont, attorneys and counsellors at law of New Jersey, to appeal from a municipal tax assessment imposed by the City of Newark upon the lands subject to plaintiff's mortgage. In this connection an agreement was entered into between the defendant and its attorneys that the latter should receive, by way of compensation for their services, if successful, one-half of any moneys saved as a result of tax reduction secured by way of such appeal, and reimbursement of their expenses.

It is conceded that these attorneys filed a petition of appeal from the tax assessment for the year 1956 to the Essex County Board of Taxation and secured a reduction of such assessment for that year; also that this reduction in tax assessment entitled the defendant to a refund of $5,058 of the taxes paid upon the property for that year. After the right to this refund had accrued, but before the City of Newark had made payment thereof, the execution issued upon plaintiff's judgment, and the City, therefore, refused to pay over the refund moneys unless afforded the protection of an order of this Court.

Although the petitioning attorneys invoked the provisions of N.J.R.S. 2A:13–5, N.J.S.A. in support of their lien claim, I conclude that the cited Statute is inapplicable here and would not support this Court's jurisdiction to recognize or enforce the lien. However, petitioners also rest their claim upon the contention that they have obtained, as a result of their agreement with their client and their success in securing the tax assessment reduction, a common law equitable lien upon the moneys constituting the refund to which the client has become entitled; also, that such lien is enforceable in this Court which has jurisdiction under the execution and levy, over the refund moneys.

The factual situation here is suggestive of that in Terney v. Wilson, 1883, 45 N.J.L. 282, in which the former New Jersey Supreme Court recognized that an agreement between a client and his attorney that the attorney should have a lien for his services upon a judgment to be recovered in behalf of the client was valid both in law and in equity, and operated as an equitable assignment to the attorney of so much of the judgment as was necessary to pay for the attorney's services. This equitable assignment operated upon the judgment immediately upon its recovery, and would, therefore, be superior to the claim of the judgment debtor to a set-off of another judgment held by him against the judgment creditor.

The principle in Terney was applied in In re McCormick's Estate, 1936, 182 A. 485, 14 N.J.Misc. 73, and by the Court of Appeals for the District of Columbia, in 1939, in Continental Casualty Co. v. Kelly, 70 App.D.C. 320, 106 F.2d 841. See also, Phillips v. Mackay, 1892, 54 N.J.L. 319, 23 A. 941.

The refund moneys became available through the services of the petitioning attorneys, which were rendered in reliance upon their client's agreement, contingent upon their recovery, that they might look to such moneys for their compensation. It would, therefore, be inequitable to permit the plaintiff's levy upon the product of the attorneys' services to deprive the attorneys of their contractual right to compensation. Moreover, plaintiff concedes that if these attorneys acquired an equitable lien upon the tax refund moneys, it is prior *pro tanto* to plaintiff's right under its execution.

The City of Newark will, therefore, be directed to pay one-half of the tax refund moneys to Van Riper & Belmont and the remaining half to the United States Marshal for the District of New Jersey.

An order may be presented in accordance with the views herein expressed.