158 N.J. Super. 263 (1978)
385 A.2d 1256
HOBSON CONSTRUCTION CO., INC., PLAINTIFF-APPELLANT,
v.
MAX DRILL, INC., SIGMA STEEL STRUCTURES, INC., RICHARD J. DRILL AND PHILIP S. DRILL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1978.
Decided March 27, 1978.
*265 Before Judges HALPERN, LARNER and KING.
Mr. David J. Issenman argued the cause for appellant (Messrs. Wald and Del Vento, attorneys).
Mr. Harry Schaffer argued the cause for respondent Max Drill, Inc.
The opinion of the court was delivered by LARNER, J.A.D.
Hobson Construction Co. (Hobson) was a subcontractor retained by Max Drill, Inc. (Drill) on two projects known as Union Gardens and Bethany Baptist Church. On May 16, 1975 Hobson instituted an action in the Chancery Division against Drill arising out of the Union Gardens project, in response to which Drill filed a counterclaim. While this suit was pending Hobson, through its attorneys Wald and Del Vento, filed a complaint against Drill in the Law Division arising out of the Bethany Baptist Church project. No further legal steps were taken by Hobson's attorneys in that Law Division litigation.
On March 8, 1976 the Chancery Division action was resolved by the entry of a judgment in favor of Drill on its counter-claim in the sum of $245,000. Shortly thereafter Drill moved in the Chancery Division to offset the pending claim of Hobson in the sum of $133,000 against its outstanding judgment against Hobson.
The matter was heard on undisputed facts, after which the Chancery Division judge ordered that the claim of *266 $133,000 be set off against the judgment held by Drill on condition that Hobson's claim be codified in a judgment in the Law Division. He also ruled on the one viable issue remaining in the litigation  that the firm of Wald and Del Vento, attorneys for Hobson, was not entitled to an attorney's lien on the judgment to be entered by way of set-off against the Chancery Division judgment in favor of Drill (order of June 9, 1976).
Thereafter two judgments were entered. On the application of Drill, a judgment was entered for Hobson in the Law Division in the sum of $133,637.30 with the provision that it be set off in partial satisfaction of the Drill Chancery Division judgment free and clear of any attorney's lien claimed by Wald and Del Vento (judgment of July 27, 1976). A parallel judgment clarifying the record and the partial satisfaction was subsequently entered in the Chancery Division proceeding on August 3, 1976.
This appeal is concerned with the right of the law firm of Wald and Del Vento to recover from Drill a legal fee based upon its asserted attorney's lien as applied to the judgment of $133,637.30 which was offset in partial satisfaction of Drill's judgment against Hobson. We note that the appeal was taken only from the Chancery Division order of June 9, 1976. Nevertheless, we shall consider the appeal as one addressed to the propriety of all the orders dealing with the same subject matter and culminating in the final judgment of August 3, 1976. Respondent's objection to the appeal as interlocutory is rejected and we shall proceed to consider the matter on its merits.
As we view the issue involved herein, the determination should be controlled by equitable principles.
There is no question that a court has the right to set off one judgment against another. See Atanasio v. Silverman, 11 N.J. Super. 116 (Law Div. 1950), aff'd 7 N.J. 278 (1951); Atanasio v. Silverman, 24 N.J. Misc. 390 (Sup. Ct. 1946); Seaman v. Mann, 114 N.J. Eq. 408 (Ch. 1933); Phillips v. MacKay, 54 N.J.L. 319 (Sup. Ct. *267 1892); Schautz v. Kearney, 47 N.J.L. 56 (Sup. Ct. 1885); McAdams v. Randolph, 42 N.J.L. 332 (Sup. Ct. 1880); Brown v. Hendrickson, 39 N.J.L. 239 (Sup. Ct. 1877). This power is inherent in the ability and right of the court to control its judgments in order to achieve justice and equity. Kristeller v. First Nat'l Bank, Jersey City, 119 N.J.L. 570, 572 (E. & A. 1937). Thus, the order for set-off of Hobson's claim against the Drill judgment would ordinarily be unassailable.
The only debatable question is whether that set-off procedure should extinguish the attorney's lien under N.J.S.A. 2A:13-5. Appellant contends that the claim and judgment in the independent Law Division action create a lien in its favor which is superior to the right of Drill to offset the same against its judgment. Concededly, there is a divergence of opinion in judicial precedents touching upon this subject. See Seaman v. Mann, supra; Phillips v. MacKay, supra; Terney v. Wilson, 45 N.J.L. 282 (Sup. Ct. 1883); Hartford Acc. & Indem. Co. v. Pyle, 271 Or. 97, 530 P.2d 843 (Sup. Ct. 1975); Annotation, "Attorneys' liens as subject to set-off against judgment," 34 A.L.R. 323 (1925), supplemented by 51 A.L.R. 1268.
A review of the cited cases reveals that each case must be decided on its own facts and the equities dictated thereby. In this case Hobson saw fit to fragment its claims against Drill by the institution of two separate suits, whereas both could have been properly and conveniently joined in the action instituted in the Chancery Division. See R. 4:27-1. In fact, the single controversy doctrine would have indicated such a procedure as a preferable one. Cf. Falcone v. Middlesex Cty. Med. Soc., 87 N.J. Super. 486, 490-491 (App. Div. 1965), aff'd 47 N.J. 92 (1966). And although joinder is not mandatory in the instance of independent claims, it should have been invoked in order to avoid fragmentation of the litigation between these parties.
Appellant cannot deny that if Hobson's claim relating to the Bethany Church project had been joined with its *268 claim arising out of the Union Gardens project, the resulting judgment would have been a net one in favor of Drill on its counterclaim. See Superior Metal Products Co. v. Standard Auto Supply Co., 3 N.J. Misc. 116 (Sup. Ct. 1925); Maplewood Bank v. Carragher Constr. Co., 12 N.J. Misc. 227 (Cty. Ct. 1934); 80 C.J.S. Set-Off and Counterclaim § 58 at 115-116. Under such circumstances the attorney's lien could not be enforced for there would be no judgment or fund available to the client to which it could attach under the statute. Wheeler v. Wheeler, 52 N.J. Super. 504, 508 (App. Div. 1958). Such an attorney's lien has no viability where the client's claim is extinguished because of the defense or counterclaim of an opposing litigant. Regardless of the attorney's right of recovery against his own client for the services which were rendered, his statutory lien is one impressed upon the client's interest in the claim or judgment and can rise no higher than that interest. See Columbia Ins. Co. v. Artale, 112 N.J. Eq. 505, 508 (Ch.), aff'd 114 N.J. Eq. 268 (E. & A. 1933).
If such result would be legally mandated if Hobson's claim had been offset in the same lawsuit with Drill's claim, why should there be a different consequence because Hobson saw fit to file a complaint in another division of the Superior Court?
In the absence of a showing of fraud or collusion or other overriding equity, which is totally absent herein, we cannot fathom any rational basis in fairness or equity why the fortuitous circumstance of the filing of a separate complaint should represent the controlling factor leading to a contrary result. If the interest of the client is extinguished, whether by resolution of the controversy between the parties in one piece of litigation or by the process of offsetting one judgment against another, equitable principles require that the party holding the excess judgment should not be burdened by the fee of the attorney representing the losing litigant. The judgment or fund of Hobson is zero regardless of the procedural niceties leading to the end result, and thus *269 there is absent the precondition of the imposition of the statutory lien.
In Hartford Acc. & Indem. Co. v. Pyle, supra, the court denied an attorney's statutory lien under similar facts. Its comment referable to the equities involved is equally pertinent herein:
If it were otherwise, plaintiff not only would have to pay its own attorney's fees from its independent funds since it would not be able to collect any part of its judgment from its insolvent opponent, but plaintiff also would have to pay its insolvent opponent's attorney fees as well. [530 P.2d at 845]
In view of the foregoing it is apparent that the set-off was properly allowed, and therefore the judgment entered in favor of Drill free and clear of the attorney's lien is affirmed. No costs to either party.