SMALL, J.T.C.
Pursuant to R. 2:5-l(b) this opinion supplements and amplifies my bench opinion of April 13, 1995, in the above-eaptioned matters. The facts in the case, and the reasons for my determination are more fully described in my bench opinion. Because the argument and determination on the motion took some time, it seemed advisable to summarize the facts and reasoning in a more organized and concise fashion in this opinion. In essence I have held that under the facts in this case, the municipal right to setoff delinquent taxes against tax refunds codified at N.J.S.A. 54:4-134 takes priority over the attorney’s lien codified at N.J.S.A. 2A:13-5. Were the press of court business not so great I might have prepared a more comprehensive written analysis of this interesting and novel issue discussing in greater detail the facts in this case, the authorities cited below, and the older cases cited therein.
*33 In brief, the firm of Saul Fenchel, P.A., was engaged by Pine Street Management to prosecute tax appeals on its behalf for 1992 and 1993 with respect to two properties (30 Evergreen Place and 50 South Clinton Avenue). The firm was engaged under a contingent fee contract. Settlements with regard to both years and both properties were negotiated with the City of East Orange, and judgments were entered on July 8, 1994. Under the terms of the settlement and the effective tax rates for the relevant years, a refund in the amount of $261,193.84 was calculated with respect to the property at 30 Evergreen Place.
Prior to the payment of the refund with respect to 30 Evergreen Place, the City of East Orange discovered that the subject property was delinquent in its tax payments for the years 1992,1993, and 1994. Pursuant to the Tax Sale Law, N.J.S.A. 54:5-1 to -129, a tax lien certificate had been sold for delinquent taxes in 1992 and the first part of 1993. However, the remaining delinquencies at July 8, 1994 (the date on which the judgments were entered), for the years 1993 and 1994, exceeded the amount of the refund that was due as a result of the settlement. Accordingly, the City of East Orange exercised its option under N.J.S.A. 54:4-134 to setoff against the amount of the refund due, the amount of delinquent taxes. Because the amount of delinquent taxes exceeded the refund amount, no refund was paid.
The successor owner of the properties by motion challenged the settlements of the tax appeals negotiated on behalf of the plaintiffs and asked that the court set aside the judgments pursuant to the settlement. I denied that motion, from which the successor owner then took an appeal to the Appellate Division. The appeal remains pending with respect to 50 South Clinton Street (App.Div.Docket No. A-387-94T5), but was, by consent of all parties, dismissed with respect to the property at 30 Evergreen Place (App.Div.Docket No. A-388-94T5).
I had previously ruled that although I would impose an attorney’s lien on the proceeds of the judgment reducing the tax assessments, ie., the refund, I could not quantify the lien until the amount of the refund was fixed and final. At that time I did not *34 know that the municipality was entitled to a setoff in the full amount of the refund. I refused to quantify the lien until the appeal procedure was completed and the amount of the refund was final because the amount of the attorney’s fee lien was in part a function of the refund amount. Once the appeal with respect to 30 Evergreen Place was dismissed, the amount of the refund was fixed and I was then in a position to quantify the attorney’s lien.
Saul Fenchel, P.A., renewed its application for the quantification and enforcement of its attorney’s lien on the refund pursuant to N.J.S.A 2A:13-5. The City of East Orange argued that there is no fund to which the lien can attach because the entitlement to a refund has been extinguished by the enforcement of the City’s right of setoff pursuant to N.J.S.A 54:4-134, and therefore the attorney’s lien cannot be enforced.
I declined to quantify the attorney’s lien because I found that it would be unnecessary as there is no fund on which to impose the lien. The basis of my opinion is that in this ease N.J.S.A 54:4-134, the municipal right to setoff refunds against taxes due and owing for a given property, takes precedence over N.J.S.A. 2A:13-5, the attorney’s charging lien for his or her fee. The authority for my determination, which is more fully set forth in the record of the argument and bench determination, is based on two cases, Hobson Constr. Co., Inc. v. Max Drill Inc., 158 N.J.Super. 263, 385 A.2d 1256 (App.Div.1978) and Montefusco Excavating and Contracting v. Middlesex County, 82 N.J. 519, 414 A.2d 961 (1980).
I further note that although some states give an explicit statutory priority to attorney’s charging liens, New Jersey does not give such a priority. See N.J.S.A 2A:13-5; John H. Derrick, Annotation, Priority Between Attorney’s Lien for Fees Against a Judgment and Lien of Creditor Against Same Judgment, 34 A.L.R. 4th 665 (1984). Further, even when by common law attorney’s liens might have priority over other liens or the right of setoff, there is in general an exception for liens for taxes. Derrick, supra, 34 A.L.R. 4th, at 669. See also Michigan Dep’t of Treasury v. Campbell 107 Mich.App. 561, 309 N.W.2d 668 (1981). In New Jersey, taxes on lands are a lien on the land, N.J.S.A. *35 54:5-6, and are a first lien on such land. N.J.S.A. 54:5-9. Thus, the right of setoff under N.J.S.A 54:4-134, which derives from the municipal lien for taxes, would seem to enjoy a higher status than the attorney’s lien for services.[1]
Finally my discomfort expressed on the record relates to the fact that Saul Fenchel, P.A., the plaintiffs lawyers, did good work. They worked hard. They got a result for their client entitling their client to a refund of $261,193.84. The lawyers entered into a contract. They expected to receive a contingent fee. The failure of the City to receive its taxes because of the failure of the law firm’s client, its client’s landlord, its client’s landlord’s successor, their lender, or some other person or entity to pay those taxes, deprived the law firm of its ability to attach a lien to the product of the judgment which it obtained. The City had a right under N.J.S.A 54:4-134 to a setoff for delinquent taxes in the full amount of the refund. The lawyers’ right to a fee from a refund can be no greater than his client’s right to the refund. This is not to say that the law firm is not entitled to a fee based on a theory of contract and/or quantum meruit. I indicated that the law firm would have to pursue those rights in a separate action or actions (or amendments to and/or motions in this action, see R. 4:30A, N.J.S.A 2B:13-2 and N.J.S.A. 2B:13-3) in contract and/or quantum meruit against those who owe it the fee rather than for enforcement of an attorney’s lien against a non-existent *36 refund. There simply is no fund on which to enforce the attorney’s lien; there is no res to which the lien can attach.

I note that the determination in this case is consistent with the logic and specific language of the Internal Revenue Code. The Code gives attorney’s liens priority over tax liens of the IRS unless the attorney's lien applies to a judgment or settlement of a claim against the United States in which the United States has a right of setoff. I.R.C. § 6323(b)(8). See also Piontek v. Ceritano, 177 N.J.Super. 610, 427 A.2d 600 (App.Div.1981).
The holding in U.S. v. Arlington Arms, Inc., 151 F.Supp. 957 (D.N.J.1957) is not to the contrary. There, the taxpayer obtained a local property tax refund from the City of Newark. The IRS attempted to satisfy its lien for federal income taxes against the refund of local property taxes. The taxpayer’s attorney in the local property tax action asserted his charging lien against the refund. The court held for taxpayer's attorney. As distinct from the case before me, the IRS was simply another creditor that did not have a right of setoff against the refund.