PER CURIAM.
Pine Street Management Corporation appeals from an order of the Tax Court denying its motion requesting distribution of a tax refund and imposition and enforcement of an attorney’s lien on the refund with respect to 30 Evergreen Place. We affirm.
This is a companion case to docket no. A-0387-94T5. Plaintiff retained the firm of Saul R. Fenchel, P.A. (Fenschel) to prosecute tax appeals on its behalf for 1992 and 1993 with respect to *690 properties located at 30 Evergreen Place and 50 South Clinton Street in the City of East Orange. The fee agreement provided that Fenchel was entitled to receive twenty five percent of any tax refund. The City of East Orange and plaintiff negotiated a settlement of the tax appeals and issued two judgments with respect to the 1992 and 1993 tax years for each of the two properties. Under the terms of the settlement, a refund in the amount of approximately $261,193 was computed for 30 Evergreen Place. On July 13, 1994 plaintiff submitted the judgments to the City and requested the refunds arising from the reduced assessments.
Meanwhile the subject properties had been transferred. On December 21, 1993, Everton Realty Limited Partnership (Ever-ton), the owner of the two subject properties which had been leased to plaintiff with the express right to appeal the tax assessments, transferred title to 50 South Clinton Street to Clinton Corporation (Clinton) and 30 Evergreen Place to Evergreen Orange Coiporation (Evergreen). On July 19, 1994 Clinton and Evergreen moved to intervene in the tax appeals. However, upon learning that the judgments had already been issued by the Tax Court, they withdrew their motion to intervene and moved instead to vacate the judgments. On August 19, 1994 the Tax Court denied the motion to vacate the judgments, which is the subject of a separate appeal.
Thereafter, on September 17, 1994, plaintiff moved for the. refund to be paid and for an attorney’s lien in favor of Fenchel. On October 4,1994, the City issued plaintiff and Fenchel a refund for the 50 South Clinton property and advised that the refund for 30 Evergreen Place had been applied to delinquent taxes.[1] On January 17, 1995 the Tax Court denied plaintiffs request for immediate payment of the refunds but granted Fenchel an attor- *691 ne/s lien on the potential refund, subject to future quantification of the lien after the amount of the refund is fixed.
On February 10, 1995, Evergreen withdrew its appeal with respect to 30 Evergreen Place and all parties entered into a stipulation of discontinuance with respect to that appeal. Plaintiff then renewed it’s motion for quantification and enforcement of Fenchel’s attorney’s lien and for receipt of the tax refund. On April 13, 1995, after a hearing, the Tax Court denied plaintiffs motion. In a supplemental written opinion dated May 8,1995, the Tax Court judge amplified on his reasons for denying plaintiffs motion.
In its appeal, plaintiff essentially contends that the “Tax Court’s finding that an attorney’s lien cannot exist if the fund to which the lien attaches is extinguished is contrary to the meaning of the Attorney’s Lien Act under N.J.S.A. 2A:13-5.” Further plaintiff contends that the attorney’s lien attached to the cause of action prior to the City’s application of the refund to unpaid taxes and therefore it is the first lien entitled to be satisfied, and plaintiff is entitled to the balance of the refund after deduction of the attorney’s lien.
We disagree. The “attorney’s lien can only become affixed to his client’s interest in the [re]fund.” Montefusco Excavating & Contracting Co. v. Middlesex Cty., 82 N.J. 519, 527, 414 A.2d 961 (1980), (citing Hobson Const. Co. v. Max Drill, Inc., 158 N.J.Super. 263, 268, 385 A.2d 1256 (App.Div.1978)). Consistent with N.J.S.A. 54:4-134, the City properly set off the refund against delinquent taxes. Consequently, there was no “client’s interest” for the attorney’s lien to affix. The City’s right to set-off delinquent taxes has priority over the attorney’s lien.
We affirm substantially for the reasons expressed by Judge Small in his opinion from the bench on April 13, 1995 and his supplemental written opinion dated May 8,1995.
Affirmed.

 Subsequently however, the City informed the Tax Court that it had made a mistake in issuing the check representing the refund on 50 South Clinton Street and ordered a stop payment on it.