## Hines *vs.* Beers *et al.*

It furnished no ground for enjoining an execution issued upon a common law judgment, that the plaintiff in the common law suit had possession of certain books and accounts which the defendant was unable to obtain until the trial of the case; that he did not have time to examine the books before the trial; that he has since examined them and finds that the plaintiff is indebted to him a much larger amount than the judgment which such plaintiff obtained against him; and that the plaintiff is insolvent. If the defendant in the common law suit did not have time to examine the books when they were produced at the trial of the action at law, he should have applied to the court for further time for that purpose. A very strong case should be made to warrant a court of equity in interfering with a judgment at law by the process of injunction.

November 17, 1885.

Equity. Injunction. Judgments. *Laches.* Before Judge WILLIS. Harris County. At Chambers, July 2, 1885

Reported in the decision.

J. M. MOBLEY; L. L. STANFORD; A. A. DOZIER; C. J. THORNTON, for plaintiff in error.

HENRY P. CAMERON, for defendants.

BLANDFORD, Justice.

The plaintiff presented a bill in equity praying an injunction against an execution issued upon a common law judgment which defendant had obtained against him, and the only ground upon which he bases his claim for relief is that Beers had possession of certain books of account,

which he was unable to obtain until the trial of the case at law, and he did not have time to examine the books before the trial; that he has since examined them, and finds that Beers is indebted to him six hundred dollars, a much larger amount than the judgment which Beers obtained; and that Beers is insolvent. The chancellor refused the injunction, and he excepts, and assigns as error the refusal to grant the injunction.

We think the chancellor did right to refuse the injunction under the allegations in plaintiff's bill. If the complainant did not have time to examine the books when they were produced at the trial of the action at law, he should have applied to the court for further time for this purpose, which would have doubtless been granted, if the facts and circumstances had warranted it. A very strong case should be made to warrant a court of equity to interfere with a judgment at law by the process of injunction; no such case is made by plaintiff's bill.

Judgment affirmed.