Submitted on briefs September 18, affirmed December 29, 1928.

ARTHUR C. PARKER ET AL. *v.* MRS. F. E. REID ET AL.

(273 Pac. 334.)

For appellants there was a brief over the names of *Mr. W. B. Shively* and *Mr. Henry Bauer.*

For respondents there was a brief over the names of *Mr. F. M. Phelps* and *Mr. Walter T. McGuirk.*

BELT, J.—This is a suit by the judgment debtor to restrain the enforcement of a judgment in the hands of an assignee and to establish the superiority of an equitable set-off over an attorneys' lien on the judgment. Bessie M. Mercer commenced an action against plaintiffs Arthur C. Parker and C. C. Griffith to recover damages on account of fraudulent representations made in a certain real estate transaction. Judgment was obtained on October 1, 1925, and, on the following day, was assigned to the defendant herein, Mrs. F. E. Reid. On the day the judgment was entered defendants herein, Walter T. McGuirk and F. M. Phelps, filed a lien thereon for attorneys' fees. This judgment was affirmed on appeal. The assignee, Mrs. F. E. Reid, thereupon had execution issue and proceeded to levy upon the property of the judgment debtors to satisfy the judgment. Hence this suit.

In the same transaction which was made the basis of the action for fraud Bessie M. Mercer executed and delivered to the plaintiffs four promissory notes in consideration of a certain equity in real property. It is alleged that Bessie M. Mercer is a nonresident and insolvent and that the amount due on the notes exceeds the amount of the judgment. Plaintiffs assert that it would be unjust and inequitable for them to be compelled to satisfy this judgment when the judgment creditor is thus indebted to them and they are without adequate remedy at law. Bessie

M. Mercer, the assignor of the judgment, was made a party defendant but was not served with summons nor did she make any appearance.

From an order dismissing the suit for injunction, plaintiffs appeal.

 This case presents primarily the question as to whether an equitable set-off against the judgment is warranted. Whether the attorneys' lien on the judgment takes priority is involved only in the event that an equitable set-off is allowed. Ordinarily a demand must be reduced to a judgment before it can be set off against a judgment. However, it is well established that, to prevent an injustice, equity may, under proper circumstances, enjoin execution of a judgment where the judgment creditor is indebted to the judgment debtor in an amount equal to or in excess of the amount of the judgment. Interference by injunction with judgments is not favored. Such relief is granted, not of right, but in the exercise of sound legal discretion: *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468 (125 N. E. 831). He who invokes this extraordinary equitable relief must present a strong case: *Hines* v. *Beers*, 76 Ga. 9. There must be no adequate remedy at law and it must be established that a refusal by equity to entertain jurisdiction will result in injustice.

██ ██ The mere nonresidence or insolvency of the judgment creditor is not, in itself, sufficient to warrant interference with the judgment, although some courts apparently so hold. A judgment creditor may be insolvent and yet injunctive relief be denied if other factors exist which would stay the hand of equity. In this connection, it may be said that there must be no negligence nor laches in the assertion of the demand which it is desired be set off against

the judgment. If, in the original action where judgment was obtained, plaintiffs had the opportunity to assert the claim which they now urge, and failed to do so, they will not be heard to complain. Equity aids the vigilant and not those who slumber on their rights. As stated in Freeman on Judgments (5 ed.), Section 1226:

"Regardless of the insolvency or nonresidence of a judgment creditor, one who has voluntarily refrained from using a set-off or counterclaim available to him in the original action cannot thereafter make such claim the basis of equitable relief against the judgment." Citing many authorities in support of the text.

■ At this juncture it is well to observe—we take it that no authorities need be cited—that the assignee of a judgment takes it subject to all defenses, legal or equitable, that were available to the judgment debtor as against the assignor. The United States Supreme Court, speaking through Mr. Justice CURTIS, in *Hendrickson* v. *Hinckley,* 17 How. (U. S.) 442 (15 L. Ed. 123), said:

"A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents."

In support of the proposition that negligence in asserting a claim may constitute a bar to restrain the enforcement of judgments, see *Zinn* v. *Dawson,* 47 W. Va. 45 (34 S. E. 784, 81 Am. St. Rep. 772); *Twigg* v. *Hopkins,* 85 Md. 301 (37 Atl. 24); *Moore* v. *Faggard,* 51 Ala. 525; 15 R. C. L. 741; 34 C. J.

469, and cases cited in notes in 35 L. R. A. (N. S.) 142 and 31 L. R. A. 763.

■■■ Assuming that Bessie Mercer is a nonresident and insolvent, we inquire: Could complainants herein have answered in the original action by way of counterclaim for the amount due on the notes? It is well settled as a general rule that an action *ex contractu* cannot be set up as a counterclaim to an action *ex delicto: Kondo* v. *Aylsworth,* 81 Or. 225 (158 Pac. 946). But what difference would it make whether the answer sound in tort or contract if, in fact, it arises out of the same "transaction set forth in the complaint as the foundation of the plaintiff's claim"? The fact that the cause of action alleged in the complaint is tort is not any obstacle to setting up a counterclaim in the answer if it comply with the statute requiring that it arise out of the transaction: 34 Cyc. 660. In the original action Bessie M. Mercer elected to affirm the contract and commence an action to recover damages. In that same transaction she executed and delivered certain promissory notes of which the plaintiffs herein are now the owners and holders. We are not dealing with a situation where an action *ex contractu* is set up in answer to an unrelated tort. The fraud and the notes arose out of the same transaction unless we adopt the view of some courts and give to the word "transaction" a narrower meaning at variance with its ordinary acceptation. The object of the statute in reference to counterclaims is to prevent circuity and multiplicity of actions and to enable parties to settle their controversy in one proceeding without unnecessary expense or delay. A too narrow construction of the statute defeats the purpose for which it was enacted. In *Loewenberg* v. *Rosenthal,*

18 Or. 178 (22 Pac. 601), the court denied the counterclaim and, in discussing the law applicable thereto, said:

"If A were to sell B personal property, and falsely represent its condition or quality, in an action by A for the price B could set up the fraud as a counterclaim. There it is easy to see how B's claim arises out of the same transaction counted on by A."

The rule should be the same where A brings an action against B for fraud arising out of the sale of personal property and B, in that same action, counterclaims for the purchase price: *Everding & Farrell* v. *Gebhardt Lumber Co.*, 86 Or. 239 (168 Pac. 304). A case particularly in point is *Warren* v. *Hall*, 20 Colo. 508 (38 Pac. 767). In that case plaintiff brought action for damages for fraud arising out of the sale of certain cattle. Defendant answered by counterclaim for the balance due on the purchase price. The court said:

"The cause of action here set out arose out of the transaction set forth in the complaint as the foundation of plaintiff's claim. * * It matters not that the plaintiff's claim is based upon a tort."

Also see *Green* v. *Parsons*, 47 Hun, 631, 14 N. Y. St. Rep. 97; 24 R. C. L. 826.

It is suggested that defendants in the original action were not obliged to set up a counterclaim but might have brought an independent action. We agree that they might have done so, but it is a different question as to whether they could withhold such defense in the action at law and, after a lapse of three years, as in the instant case, assert it as a basis for equitable relief to enjoin the enforcement of a judgment.

We hold that plaintiffs had the opportunity to have their day in court and to adjudicate the matters which they now press upon us and, for that reason, will not be permitted to invoke the aid of equity, especially where to do so would involve the rights of the defendant attorneys who rendered services to obtain and uphold the judgment.

Having held that plaintiffs are not entitled to an equitable set-off, it is not necessary to decide the question relative to attorneys' fees.

The decree of the Circuit Court is affirmed.

AFFIRMED.