Petition for substitution or addition of party filed May 27, allowed October 26, 1966

# BARENDRECHT *v.* CLARK

419 P. 2d 603

Bruce Spaulding, Ridgeway K. Foley, Jr., and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, for the petition.

Donald C. Walker, Portland, Philip Hayter and Hayter, Shetterly & Noble, Dallas, for respondent Barendrecht, and George Van Hoomissen, District Attorney, and Charles S. Evans, Deputy District Attorney, Portland, for appellant, contra.

O'CONNELL, J.

This matter is before us on appellant Donald E. Clark's motion to dismiss his appeal and a petition of General Insurance Company of America opposing the

motion and requesting permission to have its counsel substituted or added as attorneys for the appellant.

The facts are as follows: Plaintiff brought an action against Multnomah County Sheriff Clark and Deputy Sheriff Kelly, alleging that defendant Kelly and certain other subordinates of Clark negligently injured plaintiff. General Insurance Company had written an indemnity bond indemnifying any elected county officials, including Clark, against whom a judgment was taken as a consequence of the acts of any of their deputies. The county tendered to General Insurance Company the defense of the action. The tender was refused, whereupon the county undertook the defense. Plaintiff recovered a judgment against Clark and Kelly in the amount of $5,254.90. The county filed notice of appeal on behalf of both defendants.

General posted a supersedeas bond on Clark's behalf but did not post a bond on behalf of Kelly, claiming that its coverage did not extend to him because of ORS 204.635 (4), which reads:

"In counties having a civil service system covering deputy sheriffs, the sheriff shall not be responsible for the conduct of deputy sheriffs * * *."

General made a motion in the trial court, after judgment was entered, to be substituted or associated as attorneys of record on behalf of Clark for the purpose of prosecuting the appeal. The motion was made on the ground that there was a conflict of interest between the county and General and that General's interest would not be protected unless substitution or association of counsel was allowed. The county resisted the motion, arguing that General had been tendered the defense of the action and had elected not to participate in the case. However, in the colloquy relating to

the motion Mr. West, representing the county, made the following statement:

> "MR. WEST: Your Honor, I would not want any misunderstanding that we have any thought of abandoning the appeal, as far as Clark is concerned. We have no right to do that. If a bond is put up and filed the last moment, we would make every effort to protect Clark and General Insurance Company.
>
> "* * * * *
>
> "We took over the defense of Clark, and we will see it right through to the Supreme Court, if necessary, because General Insurance Company had the right to expect we would handle it right on through * * *.
>
> "* * * * *
>
> "We haven't any indication we won't appeal it, and we won't do anything prejudicial to the General Insurance Company's interest, but I think that we should have full control of this appeal, and full control to handle it as being responsible to Clark and Kelly."

■ General's petition, although phrased in terms of substitution or addition of counsel, is in the nature of a motion to intervene in order to protect its interest, which, it is alleged, conflicts with the interest of the county. We shall, therefore, treat the petition as a motion to intervene on appeal.

■ The question is, then, whether under these circumstances this court has the power to permit intervention and, if so, whether General has standing to request it.

ORS 13.130 provides:

> "At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. * * *"

Read literally, this section permits intervention only before trial. However, in *Duke v. Franklin,* 177 Or 297, 304, 162 P2d 141 (1945), the court explained that ORS 13.130 was intended to make provision for intervention only in those instances in which the court " '*must* hear and determine an application in intervention.' " (Emphasis ours.) The court held that " 'subsequent to the commencement of the trial, leave to intervene may be granted in the exercise of sound discretion, but is not a matter of right.' "[1] Adopting this interpretation, we find no obstacle in granting the petition for intervention if General, as an indemnitor, has standing to invite our examination of its alleged interest.[2]

We have held that a surety may have a substantial interest in litigation involving the principal and third persons. In *Hanson v. Johnson,* 143 Or 532, 539, 23 P2d 333 (1933), we held that the surety of one of the initial parties to the litigation could be made a party defendant, on the ground that the controversy between the original parties "could not be completely determined without the presence of the surety." If the surety is regarded as having a sufficient interest in

---

[1] The court further explained, as follows:

"* * * Before the passage of this act courts of equity had the discretionary power to permit intervention at any time during the trial of a cause. * * *

"* * * * *

"Moreover, we do not think that the legislature, by the enactment of § 1-316 [the previous designation of ORS 13.130 under OCLA], *supra,* intended to deprive a court of equity of its then existing discretionary power to permit an interested party to intervene after the trial of the case had begun." 177 Or at 303-4.

[2] Even though General's motion for intervention was made at a relatively late stage of the proceedings, its participation would not have resulted in undue delay. See Kimberly Knitwear, Inc. v. Hall, 20 FRD 145 (S. D. N. Y. 1957); Gibson v. Ferrell, 77 Kan 454, 94 P 783 (1908).

litigation between his principal and third persons to be made a party, we think that an indemnitor, because of his derivative liability, should also be regarded as having a sufficient interest to permit his intervention. We so hold.

■ There can be no doubt as to the substantiality of General's interest. It is liable only if the trial court was correct in construing ORS 204.635 (4) as not being applicable to exonerate Clark. General, if permitted to intervene, will urge us to hold that Clark is exonerated under the statute and therefore General is not liable under its indemnity contract. Thus General has a very substantial interest to protect and it should be permitted to intervene unless it lost that privilege by its previous conduct. Conceding, without deciding, that ordinarily the failure to accept a tendered defense forecloses a future claim to intervention by the indemnitor, we believe that the circumstances of this case give rise to equities which warrant the granting of relief.

■ General was entitled to have the county assert every available defense on behalf of Clark as well as Kelly.[9] That defense, as it relates to Clark, would include the assertion that ORS 204.635 (4) exonerated Clark. Assuming that the county presented this defense at trial, it is evident from the record that the county does not wish to pursue that defense to a final

---

[9] According to the affidavit of the claims supervisor of General, the policy of indemnity issued by General was drafted by the District Attorney's office and was bid upon by competing carriers on the assumption that trial defense would be assumed by the District Attorney's office. In light of this, General had every reason to assume that the District Attorney's office would protect the rights of General, as indemnitor, to the fullest extent possible. The validity of this conclusion is attested to by the statement of Mr. West that the District Attorney's office had no right to abandon the appeal.

determination on appeal.[4] Although the county's obligation to defend may not have continued past judgment, we see no reason for prohibiting the indemnitor from obtaining a final determination of a matter in which it has a vital interest.[5] The county itself recognized that General had such an interest. This is evident from the colloquy set out above in which the county represented to the trial court and to General that since the county had taken over the defense of Clark it would "see it through to the Supreme Court, if necessary."

The petition to intervene is allowed.

---

[4] Intervention may be allowed where the intervenor shows that the representation of its interest by counsel for the existing parties would be inadequate, as where the representative has some interest adverse to that of the applicant for intervention. Farmland Irr. Co. v. Dopplmaier, 220 F2d 247 (9th Cir 1955). See also United States v. C. M. Lane Lifeboat Co., 25 F Supp 410 (E. D. N. Y. 1938).

[5] The refusal of the attorneys of record to take an appeal has been held to support permissive intervention for purposes of appeal. Pellegrino v. Nesbit, 203 F2d 463 (9th Cir 1953); Wolpe v. Poretsky, 144 F2d 505 (D. C. Cir 1944).

Likewise, where the principal does not defend in good faith or where the indemnitor has a defense which the principal is under no legal obligation to plead, intervention by the indemnitor will be permitted. See Price v. Carlton, 121 Ga 12, 48 SE 721, 68 LRA 736 (1904).