Submitted March 29, reversed April 12, 1967

BARENDRECHT, *Respondent, v.* CLARK,
*Appellant,*
and
GENERAL INSURANCE COMPANY OF
AMERICA, *Intervenor.*

426 P. 2d 445

Bruce Spaulding, Ridgway K. Foley, Jr., and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, filed a brief for intervenor.

No appearance for appellant or respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries sustained by plaintiff when he was incarcerated in the Multnomah County jail. The action is brought against Multnomah County Sheriff Clark and Deputy Sheriff Kelly. Plaintiff recovered a judgment against both defendants. The county filed an appeal on behalf of both defendants. Defendant Kelly's appeal has been dismissed. Clark moved to dismiss his appeal. General Insurance Company of America, the indemnitor of Clark, opposed the motion and moved to intervene on appeal. We granted the motion to intervene in *Barendrecht v. Clark and Kelly*, 244 Or 524, 419 P2d 603 (1966).

Plaintiff's injury was sustained while he was held in the Multnomah County jail. The jail facilities were under the control of deputy sheriff Kelly. The trial court proceeded upon the assumption that Clark was responsible for the acts of Kelly under the doctrine of respondeat superior. Clark contended that he was not liable and made appropriate motions and exceptions to preserve his right to raise the question on appeal. The intervenor, General Insurance Company of America, now sets up the same defense as Clark interposed at trial. If Clark's defense is good, then intervenor is not liable because its liability is derivative.

The intervenor relies upon ORS 204.635 (4) which provides as follows:

"(4) In counties having a civil service system

covering deputy sheriffs, the sheriff shall not be responsible for the conduct of deputy sheriffs or persons specially appointed as provided in subsection (2) of this section."

The record establishes that Kelly was a deputy sheriff at the time of the alleged negligent conduct and that he was employed under a civil service system in effect in Multnomah County. Therefore, the case falls within ORS 204.635 (4) and Clark is not liable for Kelly's acts. The judgment must therefore be reversed.

Our attention is called to ORS 169.360, which provides:

"The sheriff may appoint a keeper of the county jail, to be denominated the jailer, for whose acts as such he is responsible. The appointment shall be in writing, and the sheriff shall file a certified copy thereof in the office of the county clerk."

This statute is still applicable to counties which do not have a civil service system covering deputy sheriffs. It is probably only through oversight that the statute was not amended to expressly add the exception created by the enactment of ORS 204.635 (4).

Judgment reversed.