Argued November 4, 1974, affirmed January 23, 1975

## HARTFORD ACCIDENT & INDEMNITY COMPANY, *Respondent, v.* PYLE ET AL, *Appellants.*

530 P2d 843

*A. J. Morris,* of Hoffman, Morris, Van Rysselberghe & Hargreaves, Eugene, argued the cause and filed a brief for appellants.

*Randall E. Thwing,* of Thwing, Atherly & Butler, Eugene, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON, and SLOPER, Justices.

HOLMAN, J.

An understanding of this case necessitates a recital of the history of previous litigation as established by the pleadings. Plaintiff brought an action against the defendants Pyle. The circuit court found for the Pyles and plaintiff appealed the adverse judgment. The Supreme Court reversed the trial court,[1] and directed judgment to be entered in favor of plaintiff. The judgment was for $31,559.19, including attorney's fees in both courts in the approximate sum of $2,700.

Subsequently the trial court dismissed a second case brought by plaintiff against the defendants Pyle and awarded attorney's fees therein in favor of the Pyles in the sum of $600. Thereafter the Pyles assigned the $600 judgment to their attorneys in the second case, which attorneys are the only defendants appealing here. The Pyles were insolvent. Plaintiff then instituted this suit in equity to have the Pyles' $600 judgment which the Pyles had assigned to their attorneys set off against its judgment in the first case. The trial court awarded a decree on the pleadings as

[1] Hartford Accident v. Maus, 266 Or 203, 511 P2d 839 (1973).

prayed for by plaintiff and the defendant attorneys (hereinafter defendants) appeal.

■ Defendants contend the trial court erred since plaintiff waived its right to a set-off by not asserting it during the second case in which the Pyles received the $600 judgment for attorney's fees. The record does not indicate the nature of the second case except that the plaintiff's complaint refers to it as a "companion case." However, defendants tell us in their brief that it was a proceeding "* * * in which the plaintiff was at the time of the appeal seeking reformation in the same indemnity agreement before the final decision on appeal was rendered by the court in the first case."

It is not clear to us, and defendants do not explain, how the second suit *for reformation* which was rendered moot by the reversal of the first case and which resulted in the entry of a judgment for the Pyles for attorney's fees upon its dismissal becomes a prior vehicle in which to set off the judgments. Plaintiff had not yet received the judgment in the first case against the Pyles when it commenced the second case, and the Pyles had no judgment in the second case until one was awarded them upon its dismissal. Defendants' contention is without merit.

Defendants also contend that by virtue of the assignment to them of the $600 judgment awarded their clients and of their statutory attorney's lien upon that judgment, plaintiff is not entitled to a set-off. Two questions are thus raised: 1) in the absence of any controlling statute, what is the effect upon the plaintiff's right to a set-off of the assignment of the judgment for attorney's fees to the attorneys of record in the second case in consideration of their services in securing the

recovery? and 2) should the result be in any way affected due to the defendants' having a statutory lien upon the judgments by virtue of ORS 87.495?

The first question is the subject of an annotation at 51 ALR 1278 (1927).[2] It appears from the authorities there cited that the setting off of one judgment against the other in such a situation is not a matter of right but depends upon principles of equity and justice under the circumstances then attendant. The following is the conclusion of the annotator:

> "Although there is some apparent conflict and lack of harmony among the cases, upon the whole they indicate a disposition upon the part of the courts, in applying these equitable principles, and when not controlled by statute, to protect the attorney's right under an assignment of a judgment, or an interest therein, in consideration of his services in connection with its recovery, as against the right of a set-off of a judgment recovered against the assignor, either before or after the assignment. However, in some instances, as will be seen, the equities in favor of the right of set-off have been regarded as superior to the rights of the attorney under his assignment, *especially where the judgment was recovered in the same action, or was based on the same transaction, or related transactions.*" 51 ALR at 1279 (Emphasis ours).

A perusal of the cases shows a surprising lack of unanimity. Possible fact situations are multiple and cases can be found which will justify almost any position one wishes to take. In general, an analysis of the cases

---

[2] *Also see* 34 ALR 323 (1925) supplemented by 51 ALR 1268 (1927). There seems to be no substantial difference between these annotations and that of 51 ALR 1278 (1927), except that in one situation there is an actual assignment and in the other there is not.

discloses the following factors to have been considered important by courts in disposing of like problems:

1) were both judgments in existence when the assignment was made to the attorneys?

2) if both judgments were in existence at the time of the assignment, did the attorneys-assignees know of the judgment against their assignor?

3) was the client-assignor insolvent at the time of the assignment?

4) did the two judgments arise out of the same transaction or related transactions?

5) do both judgments include attorney fees so that, in effect, attorney fees will be set off against attorney fees?

■ We are not prepared to say how many of the above factors, when found to be positive, are sufficient to justify a set-off. However, when all of the above questions have to be answered in the affirmative, as is the case here, it is our opinion that equity should allow a set-off. If it were otherwise, plaintiff not only would have to pay its own attorney's fees from its independent funds since it would not be able to collect any part of its judgment from its insolvent opponent, but plaintiff also would have to pay its insolvent opponent's attorney fees as well. When the judgments arise out of the same controversy, such a result would be unconscionable despite defendants' services being responsible for the judgment for attorney's fees in favor of their clients. Upon weighing the equities, it appears that those of plaintiff preponderate. Cases which justify this result are *Kisthardt v. Betts*, 321 Pa 270, 183 A 923 (1936); *Baumwald v. Two Star Laundry Service*, 234 App Div 392, 255 NYS 174 (1932); *Yorton v.*

*Milwaukie, L. S. & W. Ry. Co.,* 62 Wis. 367, 21 NW 516, 23 NW 401 (1885).

The statutory attorney's lien, ORS 87.495, provides:

"* * * An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section:

"* * * * *.

"(2) Upon action, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in his client's favor and the proceeds thereof in whosesoever hands they are, to the extent of the fees and compensation specially agreed upon with his client, if there is such an agreement, and if not, for the reasonable value of his services. Such lien shall not be affected by any settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award. The lien shall be superior to all other liens except tax liens, and no party to the action, suit or proceeding, or other person, shall have the right to satisfy such lien or any judgment, decree, order or award entered therein until the lien, and claim of the attorney for his fees based thereon, is satisfied in full. * * *."

The statute is silent concerning the priority of the attorney's lien in a situation such as we have under consideration here. As a result, we hold for the reasons previously given that the statutory lien does not prevent plaintiff's right of set-off.

The judgment of the trial court is affirmed.