Argued and submitted November 9, 1987, affirmed April 15, reconsideration denied
June 9, petition for review denied August 29, 1989 (308 Or 315)

KETCHAM,
*Appellant,*

*v.*

SELLES,
*Respondent,*
*and*

SELLES,
*Surety-Respondent,*
*and*

DAVIS, AINSWORTH, PINNOCK,
DAVIS & GILSTRAP, P.C.,
*Intervenor-Appellant.*

(81-653-CV; CA A42920 (Control))

KETCHAM et al,
*Appellants,*

*v.*

SELLES et ux,
*Respondents.*

(86-679-CV; CA A43495)
(Cases consolidated)

772 P2d 419

Wayne H. Blair, Judge pro tempore, Richard C. Beesley, Judge, and Theodore D. Abram, Judge.

David V. Gilstrap, Ashland, argued the cause for appellants. With him on the briefs was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Timothy A. Bailey, Klamath Falls, argued the cause for respondents. With him on the brief was Crane & Bailey, Klamath Falls.

DEITS, J.

Richardson, J., concurring in part; dissenting in part.

## DEITS, J.

Plaintiff Ketcham and intervenor appeal the trial court's allowance of defendant Selles' motion to offset judgments and motion to dismiss, its denial of intervenor's motion to intervene and its denial of plaintiff's and intervenor's motion to dismiss and requests for trial. We affirm.

In April, 1981, defendant obtained a money judgment against plaintiff in an unrelated case (the 1981 judgment). That judgment remained unsatisfied. In September, 1985, plaintiff obtained a money judgment against defendant in the present case (the 1985 judgment). Before the 1985 judgment was rendered, plaintiff assigned to his attorneys (intervenor in this case), all proceeds collected on any future judgments in a number of specified cases, including the present case. The assignment was consideration for intervenor's legal services. Intervenor took the assignment with knowledge of the unsatisfied 1981 judgment that defendant held against plaintiff. In October, 1985, intervenor filed a notice of assignment and a notice of attorney's lien on the proceeds from the 1985 judgment.

Defendant appealed the 1985 judgment. After this court issued a decision affirming the 1985 judgment, 81 Or App 445, 725 P2d 950 (1986), but before that decision became a final judgment under ORS 19.190, defendant filed a post-judgment motion to compel satisfaction of judgment through setoff of the 1981 and 1985 judgments. After defendant filed the motion, plaintiff and intervenor filed a declaratory judgment action to determine defendant's right to setoff. After the 1985 judgment became final, plaintiff moved the trial court to dismiss defendant's motion to compel setoff or, in the alternative, a request for trial. After the first day of the hearing on the motion to compel setoff had been held, intervenor filed its motion to intervene. The trial court denied the motion to intervene, the motion to dismiss and the request for trial and allowed defendant's motion to compel satisfaction through setoff. The court in the declaratory judgment case subsequently allowed defendant's motion to dismiss. Plaintiff and intervenor appeal those actions.

Plaintiff and intervenor first assign as error the trial court's allowance of defendant's motion to compel satisfaction through setoff. They argue that Oregon does not recognize a

post-judgment right to offset judgments when the party asserting the right fails to plead setoff as an affirmative defense. We disagree. Although offsetting one judgment against another is not a matter of right, the court, in the exercise of equitable power, may do so. *Hartford Accident v. Pyle,* 271 Or 97, 530 P2d 843 (1975). The statutes do not require, nor have we held, that setoff must be pled as an affirmative defense.

Plaintiff and intervenor argue that *Parker v. Reid,* 127 Or 578, 582, 273 P 334 (1928), requires that setoff be pled as an affirmative defense. However, in *Parker,* the judgment debtor was seeking to offset mere *claims* that he held against the judgment creditor. Here, the judgment debtor, defendant, has an existing, unsatisfied judgment against his creditor, plaintiff. This is a significant distinction because, when the judgment debtor holds only a claim against the judgment creditor, post-judgment setoff is inappropriate because the judgment creditor has not been given an opportunity to assert any defenses he may have to the judgment debtor's claims. However, when the judgment debtor holds an unsatisfied judgment against the judgment creditor, the judgment creditor presumably has had an opportunity to be heard.[1] Accordingly, the fact that defendant in this case did not assert the right to setoff as an affirmative defense to plaintiff's action does not bar him from obtaining a post-judgment order to compel satisfaction by setoff.

■　　Plaintiff and intervenor next argue that setoff in this case is inappropriate because there is no "direct nexus" between the 1981 judgment and the 1985 judgment. They argue, relying on *Delaney v. Georgia-Pacific,* 42 Or App 439, 601 P2d 475 (1979), *rev den* 288 Or 519 (1980), that a court's ability to declare a setoff of judgments is limited to situations where both judgments arise out of the same case as a result of a partial remand. We disagree. Our holding in *Delaney* was dependent on the unique circumstances of that case. In *Delaney,* the trial court dismissed the plaintiff's claims against

---

[1] A party contesting a setoff may dispute the amounts appearing in the judgment docket, particularly when the judgments are years apart and no satisfaction of any part of the first judgment has been filed. However, any disputes in the amounts due under the judgments may be resolved at a post-judgment hearing. We note that in this case, plaintiff presented his arguments on calculation of the setoff at both the post-judgment hearing and in his motion to dismiss.

the defendant and awarded him a money judgment on his counterclaim. On appeal, the Supreme Court affirmed the judgment on the counterclaim, but reversed and remanded the dismissal of the plaintiff's claims. On remand, the trial court awarded the plaintiff a money judgment. The defendant then sought to collect the judgment that he had obtained on his counterclaim and the interest that had accrued from the date that the original judgment was entered. In an effort to eliminate disparities in both the rate and time of accrual of interest on the two judgments, the plaintiff argued that the judgment obtained on remand should be automatically offset against the defendant's judgment as of the date the judgment was entered in the first trial. The plaintiff was essentially arguing that the actions were so interrelated that the judgments should share a single date of entry. Under the circumstances of that case, we held that there had to be a "direct nexus" between the two judgments in order to allow a setoff. *Delaney v. Georgia-Pacific, supra,* 42 Or App at 457.

Here, defendant does not seek a retroactive setoff of judgments. Rather, he asks only that the present balances of both judgments be offset. In such a case, the lack of a direct nexus between judgments should not preclude the court from exercising its equitable power to allow a setoff.

Plaintiff and intervenor next argue that setoff should have been denied in this case because intervenor's interest obtained through the assignment of judgment by plaintiff must be given priority over defendant's right of setoff. They also argue that *Hartford Accident v. Pyle, supra,* governs this case, and that applying the factors identified as pertinent in *Hartford Accident* dictates that setoff should not be allowed.[2]

---

[2] The *Hartford Accident* court identified these factors as important in determining whether a right of setoff should prevail over an assignment:

"1) were both judgments in existence when the assignment was made to the attorneys?

"2) if both judgments were in existence at the time of the assignment, did the attorneys-assignees know of the judgment against their assignor?

"3) was the client-assignor insolvent at the time of the assignment?

"4) did the two judgments arise out of the same transaction or related transactions?

"5) do both judgments include attorney fees so that, in effect, attorney fees will be set off against attorney fees?" *Hartford Accident v. Pyle, supra,* 271 Or at 101.

We do not agree.

■ ■  As recognized in *Hartford Accident,* whether the assignment of a judgment precludes a setoff of that judgment depends upon "principles of equity and justice under the circumstances then attendant." 271 Or at 100. The factors identified by the court in *Hartford Accident* were identified as issues which "have been considered important by courts in disposing of like problems." These factors were not presented as absolute standards that are subject to a mechanical application in each case. Rather, the significance of each depends upon the particular circumstances of each case. For example, the first factor identified by the court in *Hartford Accident* is whether both judgments were in existence when the assignment was made. In most circumstances, that would be an important consideration because, generally, an assignee of a judgment takes subject to all defenses, legal or equitable, that were available to the judgment debtor as against the assignor. *Parker v. Reid, supra,* 127 Or at 582. Consequently, when both judgments exist at the time of assignment, the assignee takes subject to the right of setoff assertable against the assignor. Conversely, where only the assignor has obtained a judgment at the time of the assignment, the assignee does not take subject to a setoff, because that right does not exist until the party asserting it has obtained a judgment of his own.

Although the above analysis makes sense in a case where the assignment is made by the party obtaining the first judgment, in this case the assignment was made by the party that eventually obtained the second judgment. We do not believe that the *Hartford Accident* court contemplated this fact pattern.[3] In such a situation, a different analysis should apply because the assignment is of a *future* judgment. We conclude that the assignee of a future judgment should not be allowed to take free of an existing judgment creditor's right of setoff simply because the assignment involves a future judgment, rather than a judgment already in existence. To hold

---

[3] For example, the second factor in *Hartford Accident* is, "if both judgments were in existence at the time of assignment, did the attorneys-assignees know of the judgment against their assignor?" 271 Or at 101. If the *Hartford Accident* court had contemplated the assignment of future judgments, then the first clause in that factor would make no sense in situations such as this because "both judgments" would never be in existence "at the time of assignment" when the assignment is of a future judgment.

otherwise would effectively allow a judgment debtor to avoid setoff of future judgments that might later be recovered against the judgment creditor simply by assigning all interest in those judgments before they are awarded. We do not believe that the Supreme Court in *Hartford Accident* contemplated that result.

Under the circumstances of this case, the key factor in analyzing whether, under equitable principles, the setoff should be allowed is whether the attorneys-assignees, intervenor, knew of the judgment against their assignor, plaintiff. *Hartford Accident v. Pyle, supra,* 271 Or at 101. Intervenor did have actual notice of the 1981 judgment defendant held against plaintiff at the time of the assignment. In view of that knowledge, we hold that the equities weigh in favor of allowing the setoff.[4]

Plaintiff and intervenor also argue that intervenor's attorney lien on the 1985 judgment should take priority over defendant's right of setoff. ORS 87.445 provides:

"An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."[5]

Neither that provision nor ORS 87.490, which sets out the priority of the attorney's lien *vis-a-vis* other liens, gives an attorney's lien priority over a judgment debtor's right to offset an existing judgment. *See Hartford Accident v. Pyle, supra,* 271 Or at 102. Accordingly, the trial judge properly ruled that the

---

[4] Plaintiff and intervenor also argue that, for public policy reasons, pre-judgment assignments to attorneys should prevail over a judgment creditor's right of setoff. They argue that if the assignment does not take priority, a judgment debtor would be unable to obtain counsel in a subsequent case on a contingent fee arrangement because the prospective attorney could not be assured that he would have priority as to the proceeds of the judgment he recovers in the second case over a setoff right from the earlier judgment. This is a policy argument which would be more properly addressed to the legislature than the court.

[5] ORS 87.450 further provides that notice of an attorney's lien claimed under ORS 87.445 must be filed with the clerk of the court in order to be perfected. The record reveals that intervenor did file notice of a lien with the trial court clerk after judgment was entered. ORS 87.490(1) provides that except for tax liens, prior encumbrances and prior liens of record, an attorney's lien is superior to all other liens.

intervenor's lien on the 1985 judgment did not defeat defendant's right to offset the 1981 judgment.

■ Plaintiff and intervenor next assign as error the trial court's denial of intervenor's motion to intervene at the post-judgment hearing. Because the motion was submitted after trial, the trial court had discretion whether to allow it. ORCP 33;[6] *Duke v. Franklin,* 177 Or 297, 304, 162 P2d 141 (1945). The Supreme Court has held that permissive intervention is appropriate when:

> "[t]he intervenor shows that the representation of its interest by counsel for the existing parties would be inadequate, as where the representative has some interest adverse to that of the applicant for intervention." *Barendrecht v. Clark,* 244 Or 524, 530 n 4, 419 P2d 603 (1966).

In this case, intervenor was counsel for plaintiff, and their interests were not adverse. Both sought to defeat setoff. The same arguments against setoff were raised by intervenor in its capacity as counsel for plaintiff when the motion to compel satisfaction through setoff was originally heard, *i.e.,* before the motion to intervene was even filed. Under these circumstances, we do not believe that it was an abuse of discretion to deny intervenor's motion to intervene.

■ Plaintiff and intervenor next assign as error the trial court's denial of their motion to dismiss and their request for trial. They argue that the trial court was without jurisdiction to receive defendant's motion to compel setoff, because this court's affirmance of the 1985 judgment had not yet become

---

[6] ORCP 33 provides:

"A. Definition. Intervention takes place when a third person is permitted to become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the complaint, by uniting with the defendant in resisting the claims of the plaintiff, or by demanding something adversely to both the plaintiff and defendant.

"B. Intervention of Right. At any time before trial, any person shall be permitted to intervene in an action when a statute of this state, these rules, or the common law, confers an unconditional right to intervene.

"C. Permissive Intervention. At any time before trial, any person who has an interest in the matter in litigation may, by leave of court, intervene. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"* * * * *."

final at the time of the filing of the motion.[7] However, although the motion to compel setoff was filed before our affirmance became final, the motion was not argued or decided until after the trial court had reacquired jurisdiction. Accordingly, it was not error for the trial court to deny the motion to dismiss and request for trial.

Plaintiff and intervenor also argue that defendant's ORCP 21 motion to dismiss the declaratory judgment action was improperly allowed, because the action was filed before the trial court reacquired jurisdiction to hear defendant's motion to compel satisfaction by setoff and because the parties in the two actions were not the same. ORCP 21A(3) provides that a motion to dismiss may be filed where "there is another action pending between the same parties for the same cause * * *." In this case, the motion to compel satisfaction by setoff was pending in the post-judgment case before the declaratory judgment action to determine defendant's right to setoff was filed by plaintiff and intervenor. That the trial court did not reacquire jurisdiction to *decide* the post-judgment motion until after the declaratory judgment action was filed does not alter the fact that the motion was "pending" at that time. However, plaintiff and intervenor correctly point out that the declaratory judgment action and the post-judgment case did not involve the same parties, as intervenor was

---

[7] ORS 19.033 provides:

"(1)  When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute.

"* * * * *

"(5)  Jurisdiction of the appellate court over a cause ends when a copy of the appellate judgment is mailed by the State Court Administrator to the court from which the appeal was taken pursuant to ORS 19.190, except that the appellate court may recall the appellate judgment as justice may require. After jurisdiction of the appellate court ends, all orders which may be necessary to carry the appellate judgment into effect shall be made by the court from which the appeal was taken."

ORS 19.190(2) provides, in part:

"As to appeals from district, circuit and tax court, the appellate judgment is effective when a copy of the appellate judgment is entered in the court's register and mailed by the State Court Administrator to the court from which the appeal was taken."

not a party to the post-judgment case. However, for there to be reversible error, the party assigning the error must suffer prejudice. *Fassett v. Santiam Loggers, Inc.,* 267 Or 505, 509, 517 P2d 1059 (1973). For the reasons supporting the denial of the motion to intervene, we hold that intervenor's interests were adequately protected in the post-judgment case and that no prejudice resulted from dismissal of the declaratory judgment actions.

Affirmed.

**RICHARDSON, J.,** concurring in part; dissenting in part.

I do not agree that defendants' motion to offset the judgments should have been allowed.

*Hartford Accident v. Pyle,* 271 Or 97, 530 P2d 843 (1975), is the leading Oregon case relating to equitable setoffs against judgments that have been assigned to attorneys. The court said:

> "A perusal of the cases shows a surprising lack of unanimity. Possible fact situations are multiple and cases can be found which will justify almost any position one wishes to take. In general, an analysis of the cases discloses the following factors to have been considered important by courts in disposing of like problems:

> "1)   were both judgments in existence when the assignment was made to the attorneys?

> "2)   if both judgments were in existence at the time of the assignment, did the attorneys-assignees know of the judgment against their assignor?

> "3)   was the client-assignor insolvent at the time of the assignment?

> "4)   did the two judgments arise out of the same transaction or related transactions?

> "5)   do both judgments include attorney fees so that, in effect, attorney fees will be set off against attorney fees?

> "We are not prepared to say how many of the above factors, when found to be positive, are sufficient to justify a setoff. However, when all of the above questions have to be answered in the affirmative, as is the case here, it is our opinion that equity should allow a set-off. If it were otherwise, plaintiff not only would have to pay its own attorney's fees

from its independent funds since it would not be able to collect any part of its judgment from its insolvent opponent, but plaintiff also would have to pay its insolvent opponent's attorney fees as well. When the judgments arise out of the same controversy, such a result would be unconscionable despite defendants' services being responsible for the judgment for attorney's fees in favor of their clients. Upon weighing the equities, it appears that those of plaintiff preponderate." 271 Or at 100-01.

This case is almost the precise opposite of *Hartford Accident v. Pyle, supra,* in that the answer to all but one of the factors is no. The 1985 judgment did not exist when it was assigned (factor 1); there is no evidence that plaintiff was insolvent when he gave the assignment (factor 3); the judgments did not "arise out of the same transaction or related transactions" (factor 4); and neither judgment provides for attorney fees (factor 5).

Only the second factor can arguably be answered affirmatively.[1] Intervenor knew about the 1981 judgment when the assignment was given. The majority treats that fact and that factor as independently decisive. I agree with the majority that *Hartford Accident v. Pyle, supra,* left unresolved the number and mix of factors that had to be answered positively for an equitable setoff to be justified. I am unable to agree, however, that the second factor alone can be decisive in favor of a setoff here (if it ever can). As explained in *Hartford Accident,* an equitable setoff has the purpose of protecting parties against disproportionate expense for their and their opponents' legal services in connection with multiple actions involving the same controversy. Given that purpose, the role of the second factor is to introduce an independent equity into the equation—that of an attorney-assignee who is *unaware* that a judgment against his client exists. Stated otherwise, the second factor might provide a basis for disallowing a setoff that the other factors would militate in favor of granting, but I do not agree that the second factor was intended to serve as the sole basis for allowing a setoff.

I agree that the first of the *Hartford Accident* factors—whether both judgments existed at the time of the

---

[1] I assume for present purposes that the conditional phrase "if both judgments were in existence at the time of the assignment" in factor 2 is surplusage. If it is not, that factor, like the others, militates against a setoff.

assignment—is not particularly important in this context (and is not particularly understandable in any context). Nevertheless, the majority's attempt to read it out of existence is unpersuasive. The majority posits that the court in *Hartford Accident* contemplated that the first factor can be relevant only "where the assignment is made by the party obtaining the first judgment," and that it has no application to assignments of "future judgments." (96 Or App at 126.) Whatever logic there may be to the majority's analysis, it disregards one critical fact: The first factor would be meaningless if it only applied to existing judgments, because the very question it asks is whether there *are* existing judgments. The significance of my comment is not so much that the majority has given too little ultimate weight to the first factor, but that it has gone to heroic lengths to explain why it begins its dispositional analysis with the second factor. More significantly, the majority never does explain why it also ends its analysis with the second factor and does not consider the three remaining ones, which are of obvious importance in this case.

The majority refers at various places to a "right" of setoff. (*See* 96 Or App at 124.) That word choice may reveal the underlying assumption which leads the majority to the result it reaches, and it is an assumption I do not share. As the court made clear in *Hartford Accident v. Pyle, supra,* there is no *right* to a setoff. It is an equitable remedy, and an extraordinary one.

Because I would reverse the order allowing the setoff for the reasons stated, it is unnecessary for me to address the majority's disposition of plaintiff's and intervenor's alternative arguments for reversing it. I concur in the affirmance of the judgment in the declaratory judgment action. Joseph, C. J., and Warren and Newman JJ., join in this opinion.